# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARTHUR POWELL,
Petitioner,

**05 10824 NMG**

v.

DEPARTMENT OF HOMELAND SECURITY
District Director, and
BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT,
Respondents,

)
)
)
)
)

Civil Action No.

RECEIPT # _13753_
AMOUNT $ _5.00_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M.P_
DATE _4/25/05_

MAGISTRATE JUDGE _MBB_

## PETITION FOR A WRIT OF HABEAS CORPUS

Now comes the petitioner, Arthur Powell, before this Honorable Court and respectfully ask that he be granted habeas corpus relief pursuant to Title 28 U.S.C. section 2241. The petitioner request a judicial review of his summary removal order on the basis that he is (1) an alien; (2) he was ordered removed summarily under the provisions of INA Section 235(b)(1); and (3) he can prove by a preponderance of the evidence he is a Lawful Permanent Resident by means of adjustment of status.

Wherefore, the petitioner request that he put in removal proceedings so as to be given an opportunity to be heard in accordance with his Fifth Amendment Due Process Rights.

Date: April 25, 2005

ARTHUR POWELL
By his attorney

PETER J. MITCHELL
B.B.O# 641852
P.O. Box 4438
Springfield, MA 01101
(508) 755-4688

Petitioner was the subject of an indictment on May 22, 2003 for Passport fraud and Making false Statements. He was convicted of Making False Statement on March 25, 2005 out of the United States District Court in Concord, New Hampshire. He was sentenced to two years probation. In addition, petitioner was also convicted of criminal possession of a controlled substance on December 19, 1998, and sentence to six months sentence out of Long Island, New York. Petitioner was arrested by the U.S. Department of State/ Bureau of Diplomatic Security on March 25 2005. He was issued an order of final removal by means of expedited removal on March 25, 2005. (See Exhibit # 1). Petitioner petition the Immigration Court in Boston Massachusetts for a change of his custody status by means of a Bond Hearing on April 20, 2005, however, no action was taken as the court ruled it lacked jurisdiction.

On June 18, 2003 petitioner's wife filed a application for the adjustment of his status. (See Exhibit # 12). Petitioner was subsequently lawfully accorded a work permit and a social security number. (See Exhibit # 13). He was scheduled for a meeting with the Immigration and Naturalization Service on March 17, 2005, however, that meeting was subsequently cancelled. (See Exhibit #14). On April 15, petitioner filed his taxes in accordance with his lawful status. See Exhibit # 15 and #16). The petitioner has lived in Queens, New York for over twelve years and has built strong ties to the community. (See Exhibits # 17-26).

## LEGAL ANALYSIS

A Lawful Permanent Resident (LPR) is defined as the status of being lawfully accorded the privilege of permanently residing in the United States as an immigrant. Immigration and Naturalization Act (INA) section 101 (a)(20). 8 U.S.C. section 1101 (a) (20). The statue requires that the immigrant intend to make the United States his permanent residence. The status, not the card is determinative. The person becomes an LPR upon first admission to the United States on an immigrant visa or upon adjustment of status. Here, petitioner's wife filed the application for adjustment of status pursuant to INA sections 201-209; 8 U.S.C. sections 1151-1159. Petitioner was lawfully accorded his permit to work in the United States and was given his social security number. Cloaked in his lawful status he earned income and paid his taxes. Petitioner has resided in the State of New York since his admission and his intention is to continue to reside there.

Removal of aliens and LPR is a power inherent in every sovereign country. See Mathews v Diaz  426 US 67,80-81. The authority of the United States Congress to regulate the admission of aliens to this country is plenary. See Gisbert v. US Attorney Gen., 988 F.2d 1437.1440 (5th Cir. 1993). ("The Congress shall have the power ....To establish an uniform Rule of Naturalization…"). As a result, judicial review of such decision must be restrained. See Fiallo v. Bell  430 US 787.792.97. The plenary authority of Congress may be delegated in part to the Executive branch...In general, the Supreme Court has been reluctant to extend judicial review to decisions of the Executive branch with respect to immigration matters, and treats Executive branch decisions pertaining to deportation with extraordinary deference. ("As aliens fail to obtain and maintain citizenship by naturalization, they remain subject to the plenary power of Congress to

expel them under the sovereign right to determine what non-citizens shall be permitted to remain within our borders.") .Nonetheless, the ability of the Executive branch to create rules regarding deportation is not without constitutional limits. The power to remove like most powers of government is "subject to the counter-weight of due process." In a recent case of Zadvydas v. Davis 533 U.S. 668,121 S. Ct. 2491, The United State Supreme Court confirmed the general rule that the Due Process Clause "applies to all persons within the United States, including aliens, whether their presence is here lawful, unlawful, temporary, or permanent." The Due Process Clause of the Fifth Amendment provides that "no person shall.... be deprived of life, liberty, or property, without the due process of law. ".U.S. Court Const. Amend. V. The right of Due Process protected by the Fifth Amendment consists of substantive and procedural components. Substantive due process prohibits the government from engaging in conduct that interferes with rights "implicit in the concept of ordered liberty." Government action that deprives an individual of life, liberty, or property, but which survives substantive dues process scrutiny, must nevertheless be implemented fairly. This requirement of fairness in implementation has been traditionally referred to as "procedural" due process. United States v. Salerno , 481 U.S. 739. In this case, the government would seek to remove the petitioner who has attained a status of legitimacy without a removal hearing. Such a drastic action would deprive the petitioner of his family and property without due process of law to which he is entitled.

Petitioner's due process claim begins with a review of the scope of the due process rights to which he is entitled. As an alien, petitioner does not receive the full panoply of Constitutional protection and rights afforded to an American citizen. The degree to which an alien is entitled to protections and afforded rights by the constitution is dependent on the particular classification of the alien. Johnson v. Eisentrager, 339 U.S. 763. (" The alien, to whom the United States has been traditionally hospitable, has been accorded a generous and ascending scale of rights as he increase his identity with our society"). Id. Here, the petitioner has lived in Queens, New York for over twelve years and has become a part of the community fabric. He has obtained property, secured employment, and is the provider for his family. The petitioner is the sole provider for his youngest son, whose mother is incarcerated. Having attained a status of legitimacy, the petitioner should be afforded the due process rights accorded aliens of his type.

## CONCLUSION

Wherefore, the petitioner respectfully asks this court to grant him a writ of habeas corpus, and that he be allowed to be put into removal proceedings and be given an opportunity to be heard on the merits of his case. Having attained a lawful alien status, he should entitled to his Substantive and Procedural Due Process Rights as guaranteed by the Fifth Amendment of the United States Constitution.

## LIST OF EXHIBITS

Exhibit # 1............................................. Order of Removal
Exhibit # 2............................................. Petitioner's wife's proof of citizenship
Exhibit # 3.............................................Marriage Certificate
Exhibit # 4............................................. Property Lease Agreement
Exhibit # 5............................................. Custody Petition
Exhibit # 6.............................................Second child's Birth Certificate
Exhibit # 7, # 8, # 9, # 10, # 11 .............. Second child's Medical and School records
Exhibit # 12 .................................... Application for Adjustment of Status.
Exhibit # 13.............................................Social Security Card
Exhibit # 14, .................................... Correspondences with INS
Exhibit # 15, #16................................Tax Returns
Exhibit # 17- 26................................ Character References

## CERTIFICATE OF SERVICE

I, Peter J. Mitchell, Esq., certify the a copy of the petition for a writ of habeas corpus and a copy of the memorandum in support thereof, a notice of appearance, and a motion to stay execution, filed with the United States District Court, Massachusetts, was served by hand to the Department of Homeland Security District Director and Bureau of Immigration and Customs Enforcement at the John F. Kennedy Federal Building, 17th Floor Room 1775 and the Trial Attorney Unit Room 425, Government Center, Boston Massachusetts 02203.



**U. S. Department of Justice**
Immigration and Naturalization Service

**Order of Removal**

## Order of Removal
## Under Sections 217 and 237 of the
## Immigration and Nationality Act

File No: ____A70 895 253_____

Date : ____March 25, 2005_____

To: ____Arthur POWELL_____

Address: _____Rockingham County Department of Corrections_____

Having determined that:

1) You are neither a citizen nor a national of the United States, and

2) You were admitted to the United States on or about December 22, 1993 at New York, New York under Section 217 of the Immigration and Nationality Act (the "Act"), and authorized to remain until March 21, 1994, and

3) At the time of your entry you were admitted as a nonimmigrant temporary visitor under the Visa Waiver Pilot Program based upon your completion of an I-94 W Nonimmigrant Visa Waiver Arrival/Departure Form, and

4) You have violated the conditions of admission as a nonimmigrant under Section 217 of said Act, in that, you have remained in the United States longer than permitted by the Attorney General, Section 237(a)(1)(B) of the Act, and

5) You have waived your right to contest any action for deportation, except to apply for asylum, having been admitted under Section 217 of the Immigration and Nationality Act.

By virtue of the authority vested in the Attorney General of the United States, and in me as his delegate, by the laws of the United States, I HEREBY ORDER that you be removed from the United States of America.

Mark J. Furtado
Resident Agent in Charge
Manchester, New Hampshire

## CERTIFICATE OF SERVICE

Served by me at __Manchester NH__ on the __25__ day of __March 2005__ at __1145__ .m.

(Signature and title of employee/officer)



*The Secretary of State*
*of the United States of America*
*hereby requests all whom it may concern to permit the citizen/*
*national of the United States named herein to pass*
*without delay or hindrance and in case of need to*
*give all lawful aid and protection.*

*Le Secrétaire d'Etat*
*des Etats-Unis d'Amérique*
*prie par les présentes toutes autorités compétentes de laisser passer*
*le citoyen ou ressortissant des Etats-Unis titulaire du présent passeport,*
*sans délai ni difficulté et, en cas de besoin, de lui accorder*
*toute aide et protection légitimes.*

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE

**NOT VALID UNTIL SIGNED**



PASSPORT
PASSEPORT

USA

UNITED STATES OF AMERICA

Type/Caté-    Code of issuing / body du pays. / PASSPORT NO./NO. DU PASSEPORT
gorie    State    USA    émetteur    044711226
P

Surname / Nom
CHIN

Given names / Prénoms
DIONNE ANN OPHELIA

Nationality / Nationalité
UNITED STATES OF AMERICA

Date of birth / Date de naissance
21 JUN/JUN 70

Sex / Sexe    Place of birth / Lieu de naissance
F    JAMAICA

Date of issue / Date de délivrance    Date of expiration / Date d'expiration
08 AUG/AOU 96    07 AUG/AOU 06

Authority / Autorité
PASSPORT AGENCY
MIAMI

Amendments/
Modifications
SEE PAGE
24

P<USACHIN<<DIONNE<ANN<OPHELIA<<<<<<<<<<<<<<<
0447112265USA7006218F0608071<<<<<<<<<<<<<<4

#3

THE CITY OF NEW YORK
OFFICE OF THE CITY CLERK
MARRIAGE LICENSE BUREAU

Q-2003-2-001226

License Number
C2003933

# Certificate of Marriage Registration

This Is To Certify That    **Arthur K. Powell**

residing at    148-03  225th Street, Springfield Gardens, New York, 11413

born on    11/16/1958    at    Birmingham, England, United Kingdom

and    Dione A. Chin

New Surname:Chin-Powell
residing at    148-03  225th Street, Springfield Gardens, New York, 11413

born on    06/21/1970    at    St. Andrew, Jamaica

## Were Married

on    02/20/2003    at    Office of The City Clerk
120-55 Qns. Blvd.
Kew Garden
NYC, NY 11424

as shown by the duly registered license and certificate of marriage of said persons on file in this office.

CERTIFIED THIS DATE AT THE CITY CLERK'S OFFICE

Queens    N.Y.    February 20    03

Victor L. Robles
City Clerk of the City of New York

PLEASE NOTE: Facsimile Signature
and seal are printed pursuant
to Section 11-A, Domestic
Relations Law of New York.

CET-F

0 194/8

LF310-04
R310-04



# RESIDENTIAL LEASE
## Apartment — Condominium — House

**BY THIS AGREEMENT** made and entered into on _November  9,_                , 2003,
between _Winsome Hutchinson_
and _Arthur Powell and Dionne Chin-Powell_                herein referred to as Lessor,
herein referred to as Lessee.
Lessor leases to Lessee the premises situated at
_148-03 225 street_
in the City of _Springfield Gardens_                , County of _Queens_
State of _New York_                , and more particularly described as follows:
_3 bedrooms , Kitchen , Bathroom
living area ._

together with all appurtenances, for a term of _2_ years, to commence on _November 01_ , 2003 ,
and to end on _October 31,_ .                , 2005 , at _12:00_ o'clock _A_ . m.

**1. Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of
_One thousand_ ————————————— ⁰⁰⁄₁₀₀ Dollars ($ _1000.00_ ————— ) per month
in advance on the _01_ day of each calendar month beginning _November 01_
_2003_ , at _12:00 Am_          _148-03 225 street_                                , City of
_Springfield Gardens_                , State of _New York_                , or at such other place as
Lessor may designate.

**2. Security Deposit.** On execution of this lease, Lessee deposits with Lessor _Winsome Hutchinson_
_One thousand_ ——————————— ⁰⁰⁄₁₀₀ — Dollars ($ _1000.00 ~_ ), receipt of which is acknowledged
by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without
interest, on the full and faithful performance by him of the provisions hereof.

**3. Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained,
Lessee shall peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

**4. Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as a private single
family residence, and neither the premises nor any part thereof shall be used at any time during the term of this lease
by Lessee for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than
as a private single family residence. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of
appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the demised premises,
and the sidewalks connected thereto, during the term of this lease.

**5. Number of Occupants.** Lessee agrees that the demised premises shall be occupied by no more than _3_
persons, consisting of _2_ adults and _1_ children under the age of _14_ years, without the written
consent of Lessor.

**6. Condition of Premises.** Lessee stipulates that he has examined the demised premises, including the grounds and
all buildings and improvements, and that they are, at the time of this lease, in good order, repair, and a safe, clean,
and tenantable condition.

**7. Assignment and Subletting.** Without the prior written consent of Lessor, Lessee shall not assign this lease, or
sublet or grant any concession or license to use the premises or any part thereof. A consent by Lessor to one
assignment, subletting, concession, or license shall not be deemed to be a consent to any subsequent assignment,
subletting, concession, or license. An assignment, subletting, concession, or license without the prior written consent
of Lessor, or an assignment or subletting by operation of law, shall be void and shall, at Lessor's option, terminate this
lease.

**NOTICE:** Contact your local county real estate board for additional forms that may be required to meet your specific needs.

© 1992-2001 Made E-Z Products, Inc.                **Page 1**                                Rev. 12/01
This product does not constitute the rendering of legal advice or services. This product is intended for informational use only and is not a substitute for legal
advice. State laws vary, so consult an attorney on all legal matters. This product was not necessarily prepared by a person licensed to practice law in your state.

AKAK

**IN WITNESS WHEREOF**, the parties have executed this lease the day and year first above written.

_WINSOME    HUTCHENSON_   _Arthur  Powell_
Lessor             Lessee

Lessor             Lessee

NOTICE: State law establishes rights and obligations for parties to rental agreements. This agreement is required to comply with the Truth in Renting Act or the applicable Landlord Tenant Statute or code of your state. If you have a question about the interpretation or legality of a provision of this agreement, you may want to seek assistance from a lawyer or other qualified person.

Page 2

AKAK

FCA §§ 467, 549, 651, 652, 654; DRL §240

GF17 8/2002

## FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

#5

In the Matter of a **Custody/Visitation** Proceeding

**Arthur Powell,**

Petitioner,

\- against -

**Stephanie Harris,**
**Yvonne Morgan,**

Respondents.

**File #:**    7836
**Docket #:**  V-16410-04

### PETITION FOR CUSTODY

The undersigned Petitioner respectfully alleges upon information and belief that:

Petitioner, Arthur Powell, resides at 148-03 225th Street, Rosedale, NY 11422-0000.
Petitioner, Arthur Powell, has a child-in-common with the respondent, Stephanie Harris.
Petitioner, Arthur Powell, is the father of and is the non-custodial party of the child, Tristen A Powell.

Respondent, Stephanie Harris, resides at (Address Unknown).
Respondent, Yvonne Morgan, resides at 119-02 196th Street, St. Albans, NY 11412.
Respondent, Stephanie Harris, has a child-in-common with the petitioner, Arthur Powell.
Respondent, Stephanie Harris, is the mother of and is the person with physical custody of the child(ren) of the child, Tristen A Powell.
Respondent, Yvonne Morgan, is the maternal grandmother of the child, Tristen A Powell.

The name, present address and date of birth of each child who is the subject of this proceeding are as follows:

| Name | Address | Date of Birth |
|------|---------|---------------|
| Tristen A Powell | 119-02 196th Street<br>St. Albans, NY 11412 | 8/12/1998 |

The father of the subject child(ren) is Arthur Powell. An acknowledgment of paternity was signed on August 13, 1998 by Arthur Powell and Stephanie Harris.

A custody or visitation proceeding concerning the same child(ren) is not pending in New York State.

Yvonne Morgan obtained custody of the child(ren) in March, 2004 as follows: Petr states the resp grandmother obtained custody when the resp mother was incarcerated.

It would be in the best interests of the child(ren) to have custody awarded to Arthur Powell for the following reasons: Petr states he loves his child and wants what is best for his son. Petr states he recently found out that the resp mother was incarcerated, because she told him that she had moved to Florida. Petr states the resp mother is incarcerated in a Federal prison and will probably be deported. Petr states he has not seen his child in three months and misses him terribly. Petr

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| In the Matter of a **Custody/Visitation** Proceeding | File #: 7836 |
| | Docket #: V-16410-04 |

**Arthur Powell,**

Petitioner,                                    **SUMMONS**

- against -

**Stephanie Harris,**
**Yvonne Morgan,**

Respondents.

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK:

To:   Stephanie Harris                        Yvonne Morgan
      (Address Unknown)                        119-02 196th Street
                                               St. Albans, NY 11412

A petition under Article 6 of the Family Court Act having been filed with this Court, and annexed hereto

YOU ARE HEREBY SUMMONED to appear before this court on

| | |
|---|---|
| **Date/Time:** | October 14, 2004 at 9:30 AM |
| **Part:** | 45 |
| **Floor/Room:** | Floor 4/Room 440 |
| **Presiding:** | Rosalyn J. Ebrahimoff, Referee |
| **Location:** | Queens County |
| | 151-20 Jamaica Avenue |
| | Jamaica, NY 11432 |

to answer the petition and to be dealt with in accordance with the Family Court Act.

**On your failure to appear as herein directed, a warrant may be issued for your arrest.**

**Dated:** September 15, 2004                George Cafasso, Clerk of Court

**NOTICE:** Family Court §154(c) provides that petitions brought pursuant to Article 4, 5, 6, 8 and 10 of the Family Court Act, in which an order of protection is sought or in which a violation of an order of protection is alleged, may be served outside the State of New York upon a Respondent who is not a resident or domiciliary of the State of New York. If no other grounds for obtaining personal jurisdiction over the Respondent exist aside from the application of this provision, the exercise of personal jurisdiction over the respondent is limited to the issue of the request for, or alleged violation of, the order of protection. Where the Respondent has been served with this summons and petition does not appear, the Family Court may proceed to a hearing with respect to issuance or enforcement of the order of protection.

Page: 2 of 2
Docket No: V-16410-04
GF17

states he is able to provide a stable home environment for his son and he would be well taken care of. Petr is requesting custody of his child so he can be the father and role model his son deserves.

No previous application has been made to any court or judge for the relief herein requested.

WHEREFORE, Petitioner prays for an order awarding custody of the child(ren) named herein and for such other and further reliefs as the Court may determine.

**Dated:** September 15, 2004

_____
Arthur Powell, Petitioner

## VERIFICATION

STATE OF NEW YORK)
                          :ss:
COUNTY OF QUEENS)

Arthur Powell being duly sworn, says that he/she is the Petitioner in the above-named proceeding and that the foregoing petition is true to his/her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he/she believes it to be true.

_____
Arthur Powell, Petitioner

Sworn to before me on
September 15, 2004

_____
Chief Clerk or Designee
Notary Public

#6



# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

### CERTIFICATION OF BIRTH

This is a certification of name and birth facts on file in the Office of Vital Records, Department of Health and Mental Hygiene, City of New York.

DATE OF BIRTH: FEBRUARY 24, 1995

CERTIFICATE NO.: 156-95-020415

BOROUGH: QUEENS

DATE FILED: 03-13-95

DATE ISSUED: 05-29-03

NAME: JUSTIN KENDRICK CHIN-POWELL ***

SEX: MALE

MOTHER'S MAIDEN NAME: DIONNE ANN OPHELIA CHIN

FATHER'S NAME: ARTHUR POWELL

Steven P. Schwartz, PhD
City Registrar

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.21 of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

Doc. No. K194703

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE





Please return this
completed form to:

**HEALTHFIRST**
P.O. BOX 5170
NEW YORK, NY 10274-5170
1-800-580-8540

265021

Apt. April 11, 2005   3:15 pm
L.I.J.
Second Referral
for walking

# HEALTHFIRST REFERRAL FORM

| PATIENT INFORMATION | REFERRING PRACTITIONER: PRIMARY CARE ☐  OB/GYN ☐ |
|---|---|

| PATIENT NAME Chin-Powel, Justin | PRACTITIONER NAME NAZARIAN, H.  M.D. | PROVIDER NUMBER 142782 |
|---|---|---|

| PATIENT CIN NUMBER UC782 53H | AFFILIATED HOSPITAL LONG ISLAND JEWISH | |

| ADDRESS 148-03  225 street  Rosedale  11413 | OFFICE ADDRESS #4 235-20  147 Ave.  Rosedale NY. 11422 |

| PHONE NUMBER | OFFICE PHONE NUMBER 718. 712. 2200 |

## DIAGNOSES

| DESCRIPTION | | IDC-9 CODE |
|---|---|---|
| 1. | ICD-9 | |
| 2. | ICD-9 | |
| 3 | ICD-9 | |
| 4. | ICD-9 | |

### CONSULTING SPECIALIST          L.I.J.

| SPECIALIST NAME | PROVIDER NUMBER | PHONE NUMBER 718. 470. 3000 |
|---|---|---|
| ADDRESS | SPECIALTY | APPT. DATE/TIME |

### AUTHORIZED SERVICES

| NUMBER OF VISITS AUTHORIZED: ___ 1 ___ 2 **3** ___ OTHER | PROCEDURES AUTHORIZED BY PCP OR OB/GYN |
|---|---|
| **IF MORE THAN 2 VISITS ARE NECESSARY, CALL UTILIZATION MANAGEMENT AT 1-800-8540 FOR AUTHORIZATION** | 1. toe walking - tight Achilis tendon |
| CHECK ONE:   CONSULT ONLY   ☑CONSULT AND TREAT   CONSULT AND DIAGNOSTIC PROCEDURE   CONSULT/DIAGNOSTIC PROCEDURE/TREAT | 2. Please evaluate |
| DOCUMENTS ATTACHED (E.G. LAB REPORT)  Y/N | 3 |

DRUG ALLERGIES

REMARKS:

### COORDINATION OF BENEFITS

| WORKERS COMPENSATION:   YES [ ]   NO [ ] | AUTOMOBILE ACCIDENT:   YES [ ]   NO [ ] |
|---|---|

### IMPORTANT REMINDERS

REFERRALS ARE VALID FOR 90 CALENDAR DAYS FROM THE DATE OF THE REFERRAL.
THE SPECIALIST WILL BE REIMBURSED ONLY FOR PROCEDURES LISTED BY THE REFERRING PRACTITIONER. IF SERVICES BEYOND WHAT HAS BEEN AUTHORIZED ARE NECESSARY, CONTACT REFERRING PRACTITIONER.
RETROACTIVE REFERRALS ARE NOT VALID.
OUT-OF-NETWORK REFERRALS AND INTRA-NETWORK REFERRALS REQUIRE PREAUTHORIZATION. CALL 1-800-580-8540.
DO NOT USE THIS FORM FOR THE AUTHORIZATION/PRE-AUTHORIZATION OF MENTAL HEALTH OR ALCOHOL AND SUBSTANCE ABUSE SERVICES.
TO ACCESS THESE SERVICES, HEALTHFIRST MEMBERS AFFILIATED WITH: BETH ISRAEL MEDICAL CENTER CALL 1-800-990-9143
          MONTEFIORE MEDICAL CENTER AND ELMHURST HOSPITAL CENTER CALL 1-800-401-4822
          ALL OTHER HEALTHFIRST MEMBERS CALL 1-800-711-7973

| SIGNATURE OF REFERRING PRACTITIONER | DATE OF REFERRAL | AUTHORIZATION NO. |
|---|---|---|

| INSTRUCTIONS TO THE PRACTITIONER: | WHITE COPY  TO HEALTHFIRST | YELLOW COPY  TO REFERRING PRACTITIONER FILE | PINK COPY  TO SPECIALIST | BLUE COPY  TO PATIENT |
|---|---|---|---|---|

**THIS REFERRAL IS NOT A GUARANTEE OF PAYMENT**



11/10/04

To whom it may concern,

    I have been working with Justin Chin-Powell since the spring of 2004 to decrease his behavioral outbursts. The frequency of the behavioral episodes changes from time to time. Sometimes they can occur several times a day. Other times he can control himself for a couple of weeks. Overall he presents as a child who is not happy, frequently feels victimized, and is unable to remain focused on a task.

    He must be seen immediately as his emotional state is deteriorating on a daily basis. Currently, he is extremely anxious, and distressed as he perceives ( falsely ) that classmates, and teachers do not like him. He also displays inappropriate affect. I do not believe that he is always in touch with reality.

    His behaviors can be bizarre and dangerous at times. He has put string around his neck in class, threatened other children, repeatedly kick-off the walls non stop for an extended period of time. These responses can come after even minor irritations.

    At this time, special education services are being considered, however it is of the utmost urgency that he be seen for diagnosis and treatment from a mental health facility, as I fear his crisis is worsening. I would recommend a full psychiatric, and medical evaluation, along with individual, as well as family counseling. Your findings are urgently needed so we can best plan for his educational setting.

    Please feel free to reach me at 718-528-5807 or kkearse@nycboe.net if you have any further questions.


Sincerely,

Ken Kearse Psy D.

Ken Kearse PsyD.



*Psychoeducational Report*

| | |
|---|---|
| *Name:* | *Justin Chin-Powell* |
| *DOB:* | *02-24-1995* |
| *DOT:* | *11-01-2004* |
| *Age:* | *08-07* |
| *School:* | *PS181Q* |
| *Grd/Prgrm:* | *3rd/Gen. Ed* |
| *CSE #:* | *29-32452* |
| *OSIS #:* | *270-979-396* |

### Tests Administered

*Wechsler Intelligence Scale for Children – Fourth Edition*
*Wechsler Individual Achievement Test – Second Edition*

### Reason for Referral

The parent requested her son's initial evaluation because she is concerned about his academic progress, particularly after he was held over in the third grade last school year. The parent would like to determine whether or not he requires special education services to help him learn.

### Background and Observations

Justin is an eight-year and seven-month old young man of Afro-American descent and nearly average in stature and body build for his chronological age. Justin was in his first period class when the examiner went to his classroom and requested to pull him out for the present assessment.

Justin readily left the classroom when the classroom teacher informed him that he had to go with the examiner for some work in his office. As the examiner proceeded with him, introduced himself to him as he also asked him if his parent had discussed that he was to be tested. Justin admitted the topic had come up but he was unable to tell the examiner why his parent felt that he had to be tested. Notwithstanding his limited information on the nature or purpose of this testing, he did not appear significantly apprehensive over its possible outcome. The examiner, nonetheless, explained, to relieve his suspense, the diagnostic nature of the assessment, i.e., that the testing would not be a pass-fail test but a simple academic progress check to determine whether or not he requires special education services to help him learn.

*Justin generally responded in audible tone of voice but at times appeared to mumble his responses to himself and examiner had to ask him to please repeat the answer. He was generally cooperative but as the testing progressed he became more and more distractible. He squirmed and wriggled on his chair, pulling the sleeves of his shirt to cover his hands and then bring his hands to his mouth, crouch or kneel on his chair instead of feet on the floor, and always in constant motions of one kind or the other. While he was never directly oppositional or defiant, he failed to follow directions altogether or only for a very brief period of time. His constant motions certainly put him at some significant risk of missing significant chunks of classroom instructions as it would be impossible for any one in a large class to keep reminding him to stay on task. He has to develop self-monitoring skills as part of his academic growth and achievement goal.*

*During preliminary interview he demonstrated age appropriate knowledge of personal data and background and described the family composition as consisting of his mother and father, but he also indicated that he has two half siblings from his father's side, a sister (13) and brother (6), both of them living with their biological mother. His own personal ambition is to be a professional football player, which he stated good at.*

*With respect to physical health, he appeared to be in good health, and he is right handed with no indication of ambidexterity.*

*With regard to his test performance, the results appear to reflect his current cognitive functioning under conditions just described above, i.e., of a young man of relative distractibility. His observed scores, therefore, are probably affected commensurably with his level of attention and focus on the tasks at hand, resulting in some relative underestimate of his true cognitive potential to some unknown degree.*

### Test Results and Interpretation

*Justin's observed overall level of cognitive ability fell solidly within normal range as measured by Wechsler Intelligence Scale for Children at 98 composite score. The area of the highest cognitive strength was observed with respect to perceptual reasoning, as measured by block design (12), picture concepts (14) and matrix reasoning (12) subtests, respectively. Significant weakness was noted with respect to working memory as measured by letter-number sequencing subtest. His ability to abstract and generalize commonalities among concepts as measured by similarities subtest was also relatively lower at seven scaled points score.*

*With respect to his visual motor integration and perceptual organization skills as measured by Bender Gestalt Test, Justin's performance evidenced significant delays as shown by distortion (3), integration (3), dashes for dots (2) lines for curves (1) and rotation (1) errors.*

*With respect to academic performance, Justin showed his greatest strength with respect to math reasoning and calculations as shown by his grade equivalency scores of 4.0 and 3.8 respectively. His decoding skills, however, are significantly below grade expectancy at k.6 grade equivalency. His sight vocabulary or word reading was at 2.2 while his reading comprehension was at 1.5 grade equivalency and his spelling at 2.1*

grade equivalency ( see table attached at end of this report for both ability and achievement testing).

With respect to emotional and personality development, Justin expressed very strong negative feelings towards his half-siblings from his father's side. The parent may want to explore private therapy to prevent his feelings from escalating as he grows up. There are no reports, however, of behavior difficulties at this time.

To sum up, the parent referred Justin to CSE for initial evaluation because of academic difficulties. Justin is repeating third grade and the parent would like to determine whether or not he requires special education services to help him learn. Ability testing pointed to an overall level of normal ability, although his working memory was relatively poor, a reflection, perhaps, of his inability to stay focused on the tasks at hand as described earlier. His achievement scores showed a significant delay in his decoding skills, word reading, reading comprehension and spelling. The interdisciplinary conference will review these and other pertinent data and make a recommendation of appropriate educational services to address his academic needs.

Alfredo J. Mondlhane, Ph. D.

S. Psychologist

Psedrpt181.jtn

# Tables and Graphs Report for WISC-IV and WIAT-II

EXAMINEE:        Justin Chin-Powell
AGE:        9 years 8 months
DATE OF BIRTH:        2/24/1995
EXAMINEE ID:        270979396
GENDER:        Male

REPORT DATE:    11/2/2004
GRADE:    3rd
ETHNICITY:    Not Specified
EXAMINER:    Alfredo Mondlhane, Ph. D.

**Tests Administered:**    WISC-IV (11/1/2004)
    WIAT-II (11/1/2004)

**Age at Testing:**    WISC-IV (9 years 8 months)
    WIAT-II (9 years 8 months)

**Is this a retest?**    No
**Comments:**

## Composite Scores Summary

| Scale | Sum of Scaled Scores | Composite Score | Percentile Rank | 95% Confidence Interval | Qualitative Description |
|---|---|---|---|---|---|
| Verbal Comprehension (VCI) | 26 | 93 | 32 | 87-100 | Average |
| Perceptual Reasoning (PRI) | 38 | 117 | 87 | 108-123 | High Average |
| Working Memory (WMI) | 16 | 88 | 21 | 81-97 | Low Average |
| Processing Speed (PSI) | 17 | 91 | 27 | 83-101 | Average |
| Full Scale (FSIQ) | 97 | 98 | 45 | 93-103 | Average |

Tables and Graphs Report for WISC-IV and WIAT-II

## WISC-IV Total Raw Scores

| Subtest | Score Range | Raw Score |
|---|---|---|
| Block Design | 0 to 68 | 36 |
| Similarities | 0 to 44 | 12 |
| Digit Span | 0 to 32 | 15 |
| Picture Concepts | 0 to 28 | 22 |
| Coding | 0 to 119 | 35 |
| Vocabulary | 0 to 68 | 30 |
| Letter-Number Sequencing | 0 to 30 | 11 |
| Matrix Reasoning | 0 to 35 | 24 |
| Comprehension | 0 to 42 | 20 |
| Symbol Search | 0 to 60 | |
| Picture Completion | 0 to 38 | 18 |
| Cancellation | 0 to 136 | |
| Information | 0 to 33 | |
| Arithmetic | 0 to 34 | |
| Word Reasoning | 0 to 24 | |

| Process Score | Score Range | Raw Score |
|---|---|---|
| Block Design No Time Bonus | 0 to 50 | |
| Digit Span Forward | 0 to 16 | 8 |
| Digit Span Backward | 0 to 16 | 7 |
| Cancellation Random | 0 to 68 | |
| Cancellation Structured | 0 to 68 | |
| Longest Digit Span Forward | 0 to 9 | |
| Longest Digit Span Backward | 0 to 8 | |

## Summary of WIAT-II Subtest Scores

| SUBTESTS* | RAW | STD | 95% INTERVAL | PR | NCE | S9 | AGE EQU | GRADE EQU |
|---|---|---|---|---|---|---|---|---|
| Word Reading | 76 | 91 | 87-95 | 27 | 37 | 4 | 7.8 | 2.2 |
| Reading Comprehension | 77** | 82 | 75-89 | 12 | 25 | 3 | 6.8 | 1.5 |
| Pseudoword Decoding | 5 | 80 | 76-84 | 9 | 22 | 2 | 5.4 | K.6 |
| Numerical Operations | 20 | 112 | 103-121 | 79 | 67 | 7 | 9.4 | 3.8 |
| Math Reasoning | 36 | 110 | 102-118 | 75 | 64 | 6 | 9.4 | 4.0 |
| Spelling | 19 | 89 | 81-97 | 23 | 35 | 4 | 7.4 | 2.1 |

* WIAT-II age-based normative information was used in the calculation of subtest and composite scores

** Represents Reading Comprehension weighted raw score

Board of Education of the City of New York
110 Livingston Street - Brooklyn, NY 11201

SPECIAL EDUCATION PROGRAM



J. Klein
Chancellor

Maura Hersh, Chairperson
CSE District 29- Region 3
90-27 Sutphin Boulevard
Jamaica, NY 11435
Voice 718-281-3458- Fax 557-5620

✱10

(This letter is ONLY to be used following parental consent to the Final Notice of Recommendation and/or upon Receipt of Parental Acknowledgement to the Final Notice Recommendation.)

Name of Child: _Chin Fawell_     _Justin_
　　　　　　　　　　Last　　　　　　　　　　　　First

CSE Case #: _19 - 32452_　　NYC Student ID#: _270-979-396_

Name of Parent: _Dionne Chin-Fawell_　Date of Birth: _2/24/95_

Home Address: _148-03 225 ST_　Home Telephone: _718-978-2289_

_Laurelton, NY 11413_　Emergency Tel: _718 749-4406_
　　　　　　　　　　　　　　　　　　　_646-261-3660_

Date (Auth) Letter Sent: ~~October 9, 2003~~ (CP) _2/17/05_

Dear Parent/Guardian:

You may bring your child to the following program/school on _2/18/05_.

Program: _Special Class 12:1_/ Class: _E 0 1_

School: _PS 181_

School Address: _148-15 230 ST_

_Springfield Gdns_

School Telephone: _528-5807_

Please accompany your child to school the first day to provide required information and to meet the teacher who will answer any questions you might have.

If busing has been requested for your child, the Office of Pupil Transportation will notify you shortly as to the first day of service. In the meantime, you may bring your child to school.

If you have any questions about the recommended placement or transportation, I would be glad to discuss them with you. Please call me at : _(718) 281-3520_ , or write to me at the Committee on Special Education address to arrange a meeting.
　　　　　　　　　Phone

The law provides you with certain rights, including procedural safeguards, in connection with this recommendation. Your Notice of Rights as a Parent of a Child with a Disability is attached. For a full description of your rights, please refer to the

# NEW YORK CITY PUBLIC SCHOOLS

## C-6 FINAL NOTICE OF RECOMMENDATION - INITIAL

Child's Name:    JUSTIN CHIN-POWELL

Date of Birth:    February 24, 1995

Mail to:

> DIONNE CHIN
> 148-03 225 STREET
> ROSEDALE, NY 11413
>
> FOR STUDENT: JUSTIN CHIN-POWELL

Date: February 17, 2005

Dear Parent/Guardian:

On Wednesday, November 24, 2004, the School Based Support Team (SBST)/Committee on Special Education (CSE) conducted a meeting to discuss the educational needs of Justin. You were invited to attend that meeting. As a result of that meeting, the SBST/CSE made the following final recommendations:

Classification:  EMOTIONAL DISTURBANCE

Recommended Service(s):
SPECIAL CLASS

Related Service(s):
COUNSELING

Site/School:  THE BROOKFIELD SCHOOL
Address:     148-15 230 STREET SPRINGFIELD GDN, NY 11413

Attached you will find the current Individualized Education Program (IEP) describing tests or reports upon which the recommendation is based and other programs considered. If you agree with the SBST/CSE recommendation and wish to have these services provided to Justin, please sign the bottom of this form and return it to the CSE immediately. Keep a copy for your records. Should you wish to discuss this final recommendation further, please call Mrs. Celia Platek - Social Worker at (718) 276-5492 or write to me at the CSE address to arrange a meeting. You may bring other individuals who have knowledge or special expertise regarding Justin. If you have a disability which may require special arrangements, or if you need a translator or an interpreter for the deaf, please notify the above named person.

If, after your meeting with the CSE you do not agree with the recommendation, you have the right to request Mediation or an Impartial Hearing. Your request for Mediation should be directed, in writing, to the CSE Chairperson. You may request an Impartial Hearing by writing to the Board of Education, Room 118, 110 Livingston Street, Brooklyn, New York, 11201.

If you have any questions about this recommendation, I would be glad to discuss them with you. Please call me at the following number, (718) 276-5492 or write to the CSE Chairperson at the CSE address to arrange a meeting.

The law provides you with certain rights, including procedural safeguards, in connection with this recommendation. Your Notice of Rights as a Parent of a Child with a Disability is attached. For a full description of your rights, please refer to the booklet, *A Parent's Guide to Special Education for Children, 5-21*. If you do not have a booklet, you can get one from us.

Sincerely,

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-
Form I-485, Application to Re
Permanent Residence or Adjust Status

| | FOR INS USE ONLY | |
|---|---|---|

## START HERE - Please Type or Print

### Part 1. Information about you.

| Family Name  POWELL | Given Name  ARTHUR | Middle Initial  KENDRICK |
|---|---|---|

Address - C/O

| Street Number and Name  148-03 225TH STREET | | Apt. # |
|---|---|---|

| City  SPRINGFIELD GARDENS | | |

| State  NEW YORK/USA | Zip Code  11413 |
|---|---|

| Date of Birth (month/day/year)  11/16/1958 | Country of Birth  UNITED KINGDON |
|---|---|

| Social Security #  NONE | A # (if any)  NONE |
|---|---|

| Date of Last Arrival (month/day/year)  11/1993 | I-94 #  UNAVAILABLE |
|---|---|

| Current INS Status  NONE | Expires on (month/day/year)  N/A |
|---|---|

**FOR INS USE ONLY**

Returned                Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

☐ Applicant Interviewed

### Part 2. Application Type.    *(Check one)*

I am applying for adjustment to permanent resident status because

a ☒ an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice – or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c ☐ I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least on year.

g ☐ I have continuously resided in the U.S. since before January 1, 1972.

h ☐ Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:    *(Check one)*

i ☐ I am a native or citizen of Cuba and meet the description in (e), above.

j ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**Section of Law**

☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other _____

**Country Chargeable**

**Eligibility Under Sec. 245**

☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other _____

**Preference**

**Action Block**

**To Be Completed by Attorney or Representative, if any**

☒ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #

*Continued on back*

**U. S. Department of Justice**
Immigration and Naturalization Service

OMB No. 1115-0163; Expires 04/31/05

## Application for Employment Authorization

| Do Not Write in This Block | | |
|---|---|---|
| Remarks | Action Stamp | Fee Stamp |
| A# | | |

Applicant is filing under §274a.12 _____

☐ Application Approved. Employment Authorized / Extended (Circle one)    until _____ (Date).
_____ (Date).

Subject to the following conditions: _____

☐ Application Denied.
☐ Failed to establish eligibility under 8 CFR 274a.12(a) or (c).
☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c) (14), (18) and 8 CFR 214.2(f).

I am applying for:
☒ Permission to accept employment
☐ Replacement *(of lost employment authorization document)*
☐ Renewal of my permission to accept employment *(attach previous employment authorization document).*

**1. Name** (Family Name in CAPS)    (First)    (Middle)
POWELL    ARTHUR    KENDRICK

**2.** Other Names Used (Include Maiden Name)
NONE

**3.** Address in the United States    (Number and Street)    (Apt. Number)
148-03 225TH STREET

(Town or City)    (State/Country)    (ZIP Code)
SPRINGFIELD GARDENS  NEW YORK  USA    11413

**4.** Country of Citizenship/Nationality
UK

**5.** Place of Birth (Town or City)    (State/Province)    (Country)
BIRMINGHAM    ENGLAND    UNITED KINGDON

**6.** Date of Birth (Month/Day/Year)    **7.** Sex
11/16/1958    ☒ Male  ☐ Female

**8.** Marital Status    ☒ Married    ☐ Single
☐ Widowed    ☐ Divorced

**9.** Social Security Number (Include all Numbers you have ever used)
NONE

**10.** Alien Registration Number (A-Number) or I-94 Number (if any)
NONE    UNAVAILABLE

**11.** Have you ever before applied for employment authorization from INS?
☐ Yes  (if yes, complete below)    ☒ No
Which INS office?    Date(s)
N/A
Results (Granted or Denied - attach all documentation)
/A

**12.** Date of Last Entry into the U.S. (Month/Day/Year)
11/1993

**13.** Place of Last Entry into the U.S.
QUEENS, NEW YORK

**14.** Manner of Last Entry (Visitor, Student, etc.)
VISITOR

**15.** Current Immigration Status (Visitor, Student, etc.)
NONE

**16.** Go to Part 2 of the instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.).

Eligibility under 8 CFR 274a.12

( C ) ( 9 ) ( )

## Certification

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking. I have read the instructions in Part 2 and have identified the appropriate eligibility category in Block 16.

Signature    Telephone Number    Date
X *Arthur Powell*    6/23/03

**Signature of Person Preparing Form if Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

Print Name    Address    Signature    Date
LAWRENCE M. KRAUSE, ESQ.    *L M Krause Esq*    6/23/03
KRAUSE & ASSOCIATES, P.C.
67 WALL STREET, NEW YORK, NY 10005

| Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | | | |

Form I-765 (Rev. 5/09/02)Y