UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARTHUR POWELL, )
    Petitioner, ) Civil Action No.
)
) 05-10824-NMG
v. )
)
DEPARTMENT OF HOMELAND SECURITY )
District Director, and )
BUREAU OF IMMIGRATION AND CUSTOMS )
ENFORCEMENT, )
    Respondents,

### MEMORANDUM IN SUPPORT OF MOTION FOR A CHANGE OF CUSTODY STATUS HEARING

    Petitioner is an alien that has resided in the United States for over fifteen years. His last admission the United States was on or about December 22, 1993. Since that date, he has lived in this country continuously to the present. On November 17, 1988, petitioner entered a plea of guilty to the charge of criminal possession of a controlled substance in the 4th degree in a New York State County Court. In March 25, 2005, petitioner was convicted of making false statements in the United States District Court, New Hampshire. He was sentenced to two (2) years probation.

    Petitioner is being held subject to the provisions of INA section 236(c) See Exhibit # 27. The provision states that the AG shall detain and shall not release the following categories of persons who are subject to removal from the U.S. as . . . (c) persons who have committed drug crimes, firearms offenses, or miscellaneous crimes. However, only persons who are released after October 9, 1998 are subject to mandatory detention. See Matter of Adeniji, Int. Dec. #3417 at 7-12.(BIA). Therefore, persons who were released from parole, supervised release, probation or other detention on or before 1998 remain eligible for a bond. Memo, Pearson, Ex. Asst. Comm. Field Operations (HQOPS (DDP) 50/10) (July 12, 1999).

    In this instance, petitioner was convicted of a drug offense in 1988. The certificate of disposition from the County Court of New York, Nassau County states that the petitioner entered a plea of guilty to the crime of Criminal Possession of a Controlled Substance 4th Degree on November 17, 1988. He was sentenced on December 19, 1988, to six (6) months imprisonment and five (5) years probation (See Exhibit # 28).

Petitioner's probation ended on or around December 1993. INS records indicate petitioner was convicted in 1998 (See Exhibit # 29). This mistake would have made him ineligible for a bond pursuant to INA section 236 ( c ).

Because of petitioner's background and his hard work in the community, the prosecutor agreed to a non-incarcerative sentence in his federal matter. Despite the fact that petitioner had to make a lengthy trip from New York City to New Hampshire for all court appearances he appeared as required at all his court dates. He is married to a United States citizen and is the father of three children. He has property in the New York City area and has the financial ability to post a bond. Moreover, he poses no risk of flight or danger to the community, and he will comply with all requirements that the court may impose upon him.

Since petitioner entered a plea of guilty in 1988 and was released from probation in 1993, Adeniji, allows him to be eligible for conditional release from Immigration and Customs Enforcement custody. Therefore, petitioner prays to this court to grant him a change of custody status. This court may grant such a request even though it may not have final jurisdiction over the petition for a writ of habeas corpus.

ARTHUR POWELL
By his attorney

PETER J. MITCHELL
B.B.O# 641852
P.O. Box 4438
Springfield, MA 01101
(508) 755-4688