UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                      )
ARTHUR POWELL,                        )
                                      )
     Petitioner,                      )
                                      )
v.                                    )
                                      )   C.A. NO. 05-10824-NMG
DEPARTMENT OF HOMELAND SECURITY,      )
DISTRICT DIRECTOR and BUREAU          )
OF IMMIGRATION AND CUSTOMS            )
ENFORCEMENT,                          )
                                      )
     Respondents.                     )
_____ )
```

RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION
TO MOTION FOR CHANGE OF CUSTODY STATUS

I.   BACKGROUND AND FACTS

Petitioner Arthur Powell ("Powell") is a native and citizen of the United Kingdom ("UK"), who last entered the United States on or about December 22, 1993 in New York, New York as a temporary visitor authorized to remain in the United States for 90 days or less under the Visa Waiver Pilot Program ("VWPP"), Section 217 of the Immigration and Nationality Act of 1952 ("INA"), codified in 8 U.S.C. § 1187.[1]  See Petition, Ex. 1. Powell's authorized stay in the United States under the VWPP expired March 21, 1994.  Despite the limited authorization,

---

[1] The VWPP was promulgated to allow aliens from designated countries to visit the United States without first obtaining a nonimmigrant visa.  In return for this expedited admission process, the alien must waive any right to contest his removal, which Powell did when he signed a Form I-94W upon his arrival.

Case 1:05-cv-10824-NMG   Document 10   Filed 06/29/2005   Page 2 of 8

Powell did not voluntarily depart this Country within the VWPP time frame.

On December 19, 1988,[2] Powell was convicted of criminal possession of a controlled substance and sentenced to six months in jail in New York. See Petition, p.2. In May 2003, Powell was indicted on a federal crime of Passport Fraud and Making False Statements. Id. On March 25, 2005, the United States District Court for the District of New Hampshire convicted Powell for the aforementioned federal crime of Passport Fraud and Making False Statements and he was sentenced to two years of probation. Id. Upon his conviction, Powell was arrested and placed in the custody of the Bureau of Immigrations and Customs Enforcement ("ICE") pursuant to Sections 217 and 237 of the INA.

After an investigation and determination that Powell was admitted under the VWPP and remained in the United States longer than the authorized 90 days (i.e., March 21, 1994), the ICE Field Office Director issued an order of removal pursuant to 8 U.S.C. § 1187, upon the basis that Powell had violated the terms of his admission under that statute by remaining longer than authorized.[3] See Petition, Ex. 1. On April 25, 2005, despite

---

[2] Powell initially alleged in his Petition that he was convicted of the aforementioned crime in 1998 not 1988. On June 15, 2005, he sought to amend his Petition to reflect the accurate date of 1988. ("Amended Petition")

[3] Powell incorrectly asserts in his Amended Petition that his removal was ordered pursuant to Section 235(b) of the INA, 8

2

waiving his rights to contest removal under the VWPP, Powell filed a Petition for habeas relief contesting his removal and seeking to be placed in removal proceedings with the Immigration Court to determine his rights as a purported lawful alien.[4]

## II.    PROCEDURAL BACKGROUND

On or about April 14, 2005, Powell filed a request with ICE seeking his release from custody pending his removal.  On May 23, 2005, ICE denied this request.  See Amended Petition, Ex. 27.  On June 15, 2005, Powell filed his present Motion for Change of Custody Status ("Custody Motion") with this Court, challenging ICE's denial of his release request.  In the Custody Motion, Powell claimed that the correct date of his state conviction was not 1998, but 1988; thus, according to Powell, ICE's denial under the mandatory provisions of Section 236(c) of the INA, 8 U.S.C. § 1226(c), was inappropriate and that his request should have been reviewed under the discretionary provisions of that section; namely, Section 236(a).

After review of his Custody Motion and papers filed therewith, which included a copy of his conviction from the State

---

U.S.C. § 1225 (b), which deals with the inspection by immigration officers of aliens arriving in the United States and the immediate removal of inadmissible aliens.  In fact, Powell's removal was ordered pursuant to Section 217 of the INA, 8 U.S.C. § 1187, pursuant to the VWPP.  See Petition, Ex.1.

[4] Absent any legal support in the facts or law, Powell baldly alleges that he has "lawful alien" status.  Petition, p.3.

of New York reflecting a conviction date of 1988, BICE issued a new decision on June 21, 2005, denying his request.[5]  See Exhibit 1 attached hereto.

For the reasons set forth herein, Powell's Custody Motion should be denied.

### III.  ARGUMENT

POWELL'S MOTION FOR RELEASE SHOULD BE DENIED

1.  Powell Is Subject To Removal Under The VWPP and His Request Challenging The Denial of Release Is Precluded By Law

As articulated previously, the undisputed facts show that Powell entered this County under the VWPP and failed to depart within the 90 days permitted by law.[6]  Instead, Powell remained in the United States illegally and engaged in (and was convicted of) criminal activities at both the state and federal levels. Since March 25, 2005, Powell has remained in the custody of ICE pending his removal.  To the extent Powell is challenging his removal order through the Custody Motion, this Court lacks

---

[5] Also, on May 20, 2005, the Respondents filed a Motion to Transfer Powell's habeas matter to the First Circuit Court of Appeals pursuant to the REAL ID Act of 2005.  Accordingly, since this Transfer Motion is pending, by filing this opposition, the Respondents do not waive jurisdiction in the First Circuit.

[6] Upon arrival under the VWPP, Powell executed a Form I-94W which declared that Powell waived any rights to contest his removal and that his presence in this Country beyond March 21, 1994 was a violation of law.  See Nose v. Attorney General, 993 F.2d 75, 79 (5th Cir. 1993) (noting the clarity of the written VWPP waiver agreement).

jurisdiction to entertain such a matter by operation of the REAL ID Act of 2005.

However, with regard to Powell's challenge to his present custody status, Respondents maintain that Powell is lawfully in the custody of ICE pending his removal. Notably, Powell's removal has been hampered, to date, by his failure to assist ICE in obtaining his travel documents. As the Court in <u>Polizio v. Jenifer</u>, 217 F. Supp. 2d 811 (E.D. Mich. 2002) acknowledged, a VWPP alien not only waives any rights to challenge his removal order, but he is also ineligible for release under a bond. <u>Id</u>. at 814. Moreover, under 8 U.S.C. § 1231(a), ICE has the right to hold in custody an alien under a final order of removal, like Powell, for a minimum of 90 days. <u>See</u> 8 U.S.C. § 1231(a). In fact, ICE may hold a removable alien for at least six (6) months pending the execution of the removal order. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 687 (2001).

In <u>Zadvydas</u>, <u>supra</u>, the United States Supreme Court outlined the parameters for detention beyond the mandatory 90 day period. Indeed, the Supreme Court held that 1231(a)(6) allows ICE to detain an alien awaiting deportation for another three months beyond the 90 day mandatory detention period enveloped in 8 U.S.C. § 1231 (a)(1)(A). <u>Zadvydas</u>, 533 U.S. at 701. Furthermore, the Government may detain an alien awaiting deportation beyond the aforementioned six month period "until it

5

has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Here, Powell has not been detained for six months, nor has he shown that his removal is not reasonably foreseeable. In fact, Powell has prevented his timely deportation by refusing to execute important travel documents that will facilitate the deportation process.[7] See Exhibit 1. In short, Powell's current detention is proper and the Custody Motion should be denied as a matter of law.

2. Powell's Claim For Discretionary Relief From Custody Under Section 236 (a) of the INA Is Without Merit

In his Custody Motion, Powell claims that this Court should grant his release from custody because he is eligible for such relief pursuant to Section 236(a) of the INA, 8 U.S.C. § 1226(a). Needless to say, Powell's Custody Motion, in this regard, is equally lacking in merit. First and foremost, Section 236 (a) applies to aliens held in custody pending a removal decision. See 8 U.S.C. § 1226(a).[8] Here, Powell is under a final order of

---

[7] Under 8 U.S.C. § 1231(a)(1)(C) the mandatory 90 day custody period is automatically extended when, as here, the alien fails or refuses to make timely application in good faith for travel or other documents necessary for his departure.

[8] 8 U.S.C. § 1226 (a) provides in pertinent part that on a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Pending such decision, the Attorney General (1) may continue to detain the arrested alien and (2) may release the alien on bond.

6

removal; thus, Section 236 (a) of the INA does not apply.

Secondly, assuming, <u>arguendo</u>, Section 236(a) was actually applicable, subsection (e) of Section 236 provides that the discretionary decisions of the Attorney General on whether to grant or deny a request for release on bond is <u>not</u> subject to judicial review. <u>See</u> 8 U.S.C. § 1226(e). Accordingly, this Court would lack jurisdiction to review BICE's decision denying Powell's release if Section 236 actually applied to the case at hand. <u>See</u> <u>Galvez v. Lewis</u>, 56 F.Supp. 2d 637, 641 (E.D. Va. 1999) (Court acknowledged that Section 1226(e) plainly divests it of the authority to review discretionary decisions by the Attorney General under Section 1226(a) and (b), as well as subsection (c), regarding arrests, detention, release bail or parole). In any event, since Section 236(a) of the INA, 8 U.S.C. § 1226(a), is inapplicable, Powell's Custody Motion, which is premised on this statutory provision, should be denied.

### III.  CONCLUSION

For the reasons set forth herein, the Court should deny Powell's Custody Motion.

                                       Respectfully Submitted,

                                       DEPARTMENT OF HOMELAND
                                       SECURITY, et al.,
                                       By their Attorney,

                                       MICHAEL J. SULLIVAN
                                       United States Attorney


                         By: /s/ Michael Sady
                             Michael Sady
                             Assistant U.S. Attorney
                             1 Courthouse Way, Suite 9200
                             Boston, MA   02210
                             (617) 748-3100

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Respondents' Return Memorandum of Law in Support of Motion to Dismiss was served by First Class mail on June 29, 2005 upon Peter J. Mitchell, Esq., P.O. Box 4438, Springfield, MA 01101.

                                       /s/ Michael Sady
                                       Michael Sady

John F. Kennedy Federal Building
Boston, MA 02203



U.S. Immigration
and Customs
Enforcement

June 21, 2005

POWELL, Arthur K.                                              A70 895 253
C/O Peter J. Mitchell
P.O. Box 4438
Springfield, MA 01101

On May 16, 2005, you requested that Immigration and Customs Enforcement (ICE) set a bond in your case.

On December 12, 1993, you were admitted into the United States under the Visa Waiver Program. You failed to depart the United States thus violating your status. On December 19, 1988, you were convicted of Criminal Possession of a Controlled Substance. On March 25, 2005, you were convicted in the United States District Court for making false statements in violation of 18 USC 1001 and were sentenced to two years probation. To date, you have failed to cooperate in obtaining a valid travel document.

As a matter of discretion, for the aforementioned reasons, it is my determination that a change in custody status in your case is unwarranted at this time.

Sincerely,

Bruce E. Chadbourne
Field Office Director