CERTIFIED COPY

A 70-895-
253

DC# 05-10824
J. Gorton

# United States Court of Appeals
## For the First Circuit

No. 05-2244

ARTHUR POWELL,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

Before

Boudin, <u>Chief Judge</u>,
Campbell and Stahl, <u>Senior Circuit Judges</u>.

ORDER OF COURT

Entered: December 8, 2005

This matter originated as a habeas corpus petition filed in the district court for the District of Massachusetts on April 25, 2005. On motion of the respondents, the district court tranferred the case to this court pursuant to section 106(c) of the Real ID Act, Pub. L. 109-13. Upon transfer, petitioner filed an amended habeas petition, challenging both his removal and his detention.[1] He now moves for a stay of his removal and for conditional release

---

[1] By contrast, the habeas petition filed in the district court and transferred here did not challenge petitioner's detention but only his removal. Transfer of the petition as it then existed was therefore appropriate under section 106(c) of the Real ID Act, which requires that district courts transfer pending habeas cases (or parts of such cases) "challenging a final administrative order of removal" to the courts of appeals. <u>Cf.</u> <u>Hernandez</u> v. <u>Gonzalez</u>, 424 F.3d 42, 43 (1st Cir. 2003) (transferring back to the district court a habeas case challenging only the petitioner's detention, rather than his removal).

pending judicial review.

"[T]he applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions." Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003). That formula requires petitioner to demonstrate: "(1) that [he] has a substantial likelihood of success on the merits; (2) that [he] faces a significant potential for irreparable harm in the absence of immediate relief; (3) that . . . the issuance of an injunction will not impose more of a burden on the nonmovant than its absence will impose on the movant . . .; and (4) that the granting of prompt injunctive relief will promote (or, at least, not denigrate) the public interest." McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001).

In his motion for a stay of removal, petitioner does not even attempt to meet his burden of satisfying these prerequisites. However, even assuming that the balance of harms weighs in petitioner's favor, we conclude that petitioner has little likelihood of success on the merits of his petition, "the sine qua non of preliminary injunctive relief," see, e.g., id. at 42, and we therefore deny the motion.

As to his claim of a due process right to a removal hearing, although we may be persuaded otherwise after full briefing, it appears that petitioner waived any such right when he was admitted under the Visa Waiver Program. See 8 C.F.R. §§ 208.2(c)(1)(iv) (providing that an alien who was admitted under the Visa Waiver Program and has remained longer than authorized or has otherwise violated his or her immigration status is not entitled to removal proceedings), 217.4(b)(1) (providing that an alien admitted under the Visa Waiver Program who is determined by an immigration officer to be deportable shall be removed without referral of the alien to an immigration judge for a determination of deportability); Handa v. Clark, 401 F.3d 1129, 1134-35 (9th Cir. 2005) (finding those regulations to be consistent with Congressional intent); see also Wigglesworth v. INS, 319 F.3d 951, 956 (7th Cir. 2003), 319 F.3d at 956 (7th Cir. 2003) (holding that alien who entered under the Visa Waiver Program had waived the right to contest removal); Itaeva v. INS, 314 F.3d 1238, 1239 (10th Cir. 2003) (same); Nose, 993 F.2d at 80 (same).

Petitioner's challenge to his detention fares even worse. Indeed, rather than reach the merits of that challenge, we hereby transfer that portion of the petition to the district court. As this and other courts have recognized, the transfer and jurisdiction-stripping provisions of the Real ID Act apply only to "the part of [a habeas] case that challenges the order of removal, deportation, or exclusion," Real ID Act, § 106(c); despite the Real ID Act, district courts retain jurisdiction over habeas challenges

to detention. Hernandez, 424 F.3d at 42-43 (citing legislative history and collecting cases). In effecting this transfer, pursuant to 28 U.S.C. § 1631, we intimate no view as to the merits of petitioner's challenge to his detention or of his pending motion for conditional release, on which we take no action.

The motion for a stay of removal is DENIED. The portion of the petition challenging petitioner's detention is TRANSFERRED to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1631.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
Chief Deputy Clerk.

CERTIFIED COPY
HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
Date: 12-8-5

[Cert. cc: Hon. Nathaniel M. Gorton and Sarah A. Thornton, Clerk, U.S.D.C. of Massachusetts, Messrs: Mitchell, Cashman, Sullivan, Crowley, Sady, Ms. Livers and Ms. Boal]